UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENGE LEMO GAHANO,

      Petitioner,

 v.

DANIEL M. RENAUD, et al.,

      Respondents.

Case No. C20-1094-MJP-MLP

ORDER DENYING MOTION FOR STAY OF REMOVAL AND DIRECTING SERVICE

  Petitioner, proceeding *pro se*, has filed a 28 U.S.C. § 2241 habeas corpus petition and an emergency motion seeking a stay of removal. (Dkt. ## 1, 2.) The Government has not had an opportunity to respond. Petitioner challenges his detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington, and seeks a declaration that he is a lawful permanent resident and eligible for a discretionary waiver of deportation under 8 U.S.C. § 1182(h). (*See* Dkt. # 1.)

  In evaluating whether to issue a stay, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (per curiam) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). This test is also satisfied where a petitioner shows "that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Id.* at 970. Petitioner's motion does not address any of the *Leiva-Perez* factors and simply asks for a stay of removal without any analysis. (Dkt. # 2.)

Based on the foregoing, the Court ORDERS:

(1) Petitioner's motion for a stay of removal (Dkt. # 2) is DENIED because he does not demonstrate that he satisfies any of the *Leiva-Perez* factors.

(2) If not previously accomplished, electronic posting of this Order and Petitioner's § 2241 habeas petition shall effect service upon the United States Attorney of the petition and all supporting documents, including the request for immediate stay of removal. Service upon the United States Attorney is deemed to be service upon the named Respondent(s).

(3) **Within 30 days of the date this Order is posted**, Respondent(s) shall file a return and status report ("RSR") as provided in 28 U.S.C. § 2243, explaining why the Court should not grant Petitioner's petition. As a part of such return, Respondent(s) shall submit a memorandum of authorities in support of their position and state whether an evidentiary hearing is necessary. Respondent(s) should also address whether the stay of removal should terminate at the end of this action or whether it should continue until a later date.

(4) In accordance with LCR 7(d), Respondent(s) shall note their return for consideration on the fourth Friday after it is filed. Petitioner may file and serve a response on or

ORDER DENYING MOTION FOR STAY OF
REMOVAL AND DIRECTING SERVICE - 2

before the Monday immediately preceding the noting date, and Respondent(s) may file and serve a reply on or before the noting date.

  (5) The Clerk shall send a copy of this Order to the parties and the assigned Magistrate Judge.

  DATED this __16th____ day of _July_, 2020.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

Recommended for Entry
this 15th of July, 2020.

/s/ Michelle L. Peterson
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING MOTION FOR STAY OF
REMOVAL AND DIRECTING SERVICE - 3