UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENGE LEMO GAHANO,

               Petitioner,

   v.

DANIEL M. RENAUD, et al.,

               Respondents.

Case No. C20-1094-MJP-MLP

ORDER DENYING MOTION TO APPOINT COUNSEL AND MOTION FOR FUNDS

## I.    INTRODUCTION

This is a 28 U.S.C. § 2241 immigration habeas action. Currently before the Court are Petitioner's motion to appoint counsel (dkt. # 3) and motion for funds (dkt. # 8). As discussed below, the Court DENIES both motions.

## II.    DISCUSSION

**A.  Motion to Appoint Counsel**

There is no constitutional right to appointment of counsel in § 2241 habeas actions; however, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood

of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygardt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Petitioner asks the Court to appoint pro bono counsel to represent him because he does not have funds to hire his own attorney, is not fluent in English, has had limited education, and has no experience with habeas petitions or court procedures. (Dkt. # 3 at 2.) He further alleges that the appointment of counsel would prevent ICE from harassing him and stop his "retaliatory deportation." (*Id.*)

The Court concludes that the interest of justice do not require the appointment of counsel in this case. The record does not demonstrate that Petitioner is likely to succeed on the merits of his habeas petition. Furthermore, although Petitioner may not be fluent in English and may have limited education and experience with habeas proceedings, he has filed a number of motions and his own declaration that demonstrate he has an adequate ability to articulate his claims pro se in light of the relatively straightforward legal issues involved in this case. Finally, Petitioner's removal has been stayed by the Ninth Circuit, and thus his fears of a retaliatory removal appear unfounded. Accordingly, his motion to appoint counsel will be denied.

**B.  Motion for Funds**

Petitioner asks the Court for funds for an investigation and copies of transcripts to assist him in preparing this case. (Dkt. # 8 at 1-2.) He argues that he is entitled to develop the facts in this habeas action and wants to be able to show that he diligently pursued his case in state court. (*Id.* at 2.) In this action, Petitioner seeks (1) release from immigration detention or a bond hearing, (2) a declaration that he is a lawful permanent resident of the United States, and (3) a declaration that he is entitled to a discretionary waiver of deportation. (Dkt. # 9 at 9-10.) This

Court does not have jurisdiction to consider claims that either directly or indirectly challenge Petitioner's removal order. *See* 8 U.S.C. § 1252(a)(5); *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1005 (W.D. Wash. 2019) ("When a claim by [a noncitizen], however it is framed, challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal, [a district court's review of the claim] is prohibited by section 1252(a)(5)."). Based on a review of Petitioner's habeas petition, it appears that some of his arguments regarding release are inextricably linked to the merits of his removal order, as are his second and third requests for relief. Thus, the Court does not have jurisdiction to consider these claims, and they cannot justify the grant of funds for an investigation or transcripts.

Petitioner's remaining arguments in support of release or a new bond hearing also do not justify an independent investigation or funds for transcripts. To the extent Petitioner seeks records of his immigration bond hearings, he may request copies of the audio recordings from Respondents. If Respondents fail to provide Petitioner with such recordings, Petitioner may seek relief from the Court. In addition, Petitioner cannot relitigate his state-court conviction in this action or challenge the denial of bond on the basis that he is innocent of the crimes with which he was convicted. *See, e.g.*, *Matter of Madrigal-Calvo*, 21 I. & N. Dec. 323, 327 (BIA 1996) (immigration courts "cannot entertain a collateral attack on a judgment of conviction unless that judgment is void on its face, and cannot go behind the judicial record to determine the guilt or innocence of the [noncitizen]"); *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision."); *Ortega de Robles v. I.N.S.*, 58 F.3d 1355, 1358 (9th Cir. 1995) ("Criminal convictions cannot be collaterally attacked in deportation proceedings."); *Contreras v. Schiltgen*, 122 F.3d 30, 32-33 (9th Cir. 1997) (immigration detainee cannot challenge a state court

conviction through a § 2241 habeas petition); *Resendiz v. Kovensky*, 416 F.3d 952, 960-61 (9th Cir. 2005) ("[W]e adhere to the holding of *Contreras* and affirm the district court's conclusion that Resendiz may not collaterally attack his state conviction in a habeas petition against the INS under § 2241."), *abrogated on other grounds by Chaidez v. United States*, 568 U.S. 342 (2013). Therefore, Petitioner's motion for funds will be denied.

### III.  CONCLUSION

The Court DENIES Petitioner's motion to appoint counsel (dkt. # 3) and motion for funds (dkt. # 8). The Clerk is directed to send copies of this order to the parties and to the Honorable Marsha J. Pechman.

Dated this 26th day of August, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT
COUNSEL AND MOTION FOR FUNDS - 4