UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENGE LEMO GAHANO,

                Petitioner,

      v.

NATALIE ASHER, et al.,

                Respondents.

Case No. C20-1094-MJP-MLP

ORDER

## I.      INTRODUCTION

Currently pending before the Court is Petitioner's: (1) Motion for Leave to Exceed Page Limits (dkt. # 21); (2) Motion to Disqualify the Government Attorney "for the Conflict of Interest" (dkt. # 23); and (3) Motion to Strike Respondents' Exhibits "B, D, E, and J attached to Respondent's Motion to Dismiss" (dkt. # 24). Furthermore, the Court has reconsidered its earlier denial of Petitioner's Motion to Appoint Counsel (dkt. # 17).

Having considered the Petitioner's submissions, the governing law, and the balance of the record, Petitioner's Motion for Leave to Exceed Page Limits (dkt. # 21) is GRANTED,

1  Petitioner's Motion to Disqualify the Government Attorney "for the Conflict of Interest" (dkt.

2  # 23) is DENIED, and Petitioner's Motion to Strike Respondents' Exhibits "B, D, E, and J

3  attached to Respondent's Motion to Dismiss" (dkt. # 24) is DENIED. In addition, the Court now

4  GRANTS Petitioner's Motion to Appoint Counsel (dkt. # 3), as further explained below.

## II.     DISCUSSION

### A.     Motion for Leave to Exceed Page Limits (dkt. # 21)

7        First, Petitioner's Motion for Leave to Exceed Page Limits identifies that his Response in

8  Opposition to Respondents' Motion to Dismiss ("Petitioner's Response") (dkt. # 22) exceeded

9  page limits in order to fully address the issues raised by Respondents and Respondents' attached

10  exhibits. (Dkt. # 21 at 1-2.) Petitioner's Response totals 29 pages. (*See* dkt. # 22.) Under Local

11  Rule 7(e)(3), briefs in opposition to a motion to dismiss shall not exceed 24-pages. If the Court

12  grants leave to file an over-length motion, the brief in opposition will automatically be allowed

13  an equal number of additional pages. *See* Local Rule 7(f)(4). In all cases, the reply brief shall not

14  exceed one-half the total length of the brief filed in opposition. *Id.*

15        Here, the Court finds Petitioner has provided good cause for filing an over-length

16  Response, and therefore, Petitioner's Motion for Leave to Exceed Page Limits is GRANTED,

17  and Petitioner's Response is accepted. Consequently, Respondents are permitted to file a reply

18  brief to Petitioner's Response, with an additional two (2) pages authorized, for a total of 14

19  pages.

### B.     Motion to Disqualify the Government Attorney (dkt. # 23)

21        Petitioner's Motion to Disqualify the Government Attorney "for the Conflict of Interest"

22  seeks to disqualify the Office of the Attorney General and attorney Tim Ramnitz from appearing

23  in this matter. (Dkt. # 23 at 1-2.) Petitioner generally argues that the Office of Attorney General

24

is not a proper respondent in this action and was included due to Petitioner's ignorance on the issue. (*Id.* at 2.) Petitioner additionally argues that Mr. Ramnitz has a conflict of interest in his representation of Respondents in this case because of his familiarity with the immigration judge who adjudicated his immigration status in his immigration proceedings below. (*Id.* at 3-4.)

The United States Attorney General's Office was previously named by Petitioner as a respondent but was terminated from this action by the Clerk's Office on August 6, 2020, after Petitioner submitted his amended habeas petition. (*See* dkt # 9.) Furthermore, Petitioner's allegations concerning Mr. Ramnitz's conflict of interest because of his familiarity with the immigration judge who handled Petitioner's case are merely speculative and conclusory. Accordingly, Petitioner's Motion to Disqualify the Government Attorney is DENIED.

### C.      Motion to Strike (dkt. # 24)

Next, Petitioner's Motion to Strike Respondents' Exhibits "B, D, E, and J attached to Respondents' Motion to Dismiss" seeks to have the enumerated exhibits stricken as improperly redacted. (Dkt. # 24 at 1-2.) Petitioner generally argues that Respondents failed to claim that the redactions were privileged, failed to provide evidence that that the redactions were done solely on the basis of personal identifiers, and that the "systematic redaction" of the exhibits violates his due process rights in adjusting his status to a lawful permanent resident. (*Id.* at 2-3; *see* dkt. # 16, Exs. B, D, E, J.) Petitioner additionally takes issue with various facts specifically asserted in Exhibit A. (*Id.* at 4; *see* dkt. # 16, Ex. A.) However, based on the Court's review of the record and Respondents' attached exhibits to its Motion to Dismiss, the Court does not find that Respondent's exhibits were inappropriately redacted in this matter. Accordingly, Petitioner's Motion to Strike Respondents' Exhibits "B, D, E, and J attached to Respondent's Motion to Dismiss" is DENIED.

1   **D.    Motion to Appoint Counsel (dkt. # 3)**

2       Finally, the Court issues this Order *sua sponte* after reconsidering its earlier denial of

3   Petitioner's Motion to Appoint Counsel. (Dkt. # 17.) The Court finds that the developments

4   outlined below warrant appointment of counsel.

5       "In proceedings in forma pauperis, the district court 'may request an attorney to represent

6   any person unable to afford counsel'"—a decision within the Court's sound discretion. *Agyeman*

7   *v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1)). In

8   considering a motion to appoint counsel, the Court must evaluate both "the likelihood of success

9   on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

10  complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

11  1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

12      The Court finds appointment of counsel appropriate. The Court earlier denied Petitioner's

13  Motion to Appoint Counsel, finding it unlikely that Petitioner would succeed on the merits, that

14  he was capable of articulating his claims *pro se*, and that his fear of retaliatory removal was

15  unfounded because the Ninth Circuit stayed his removal. (Dkt. # 17 at 2.) However, three

16  developments warrant reconsideration. First, the Ninth Circuit's stay of removal is no longer

17  pending, and it appears Respondents are seeking Petitioner's immediate removal. (*See* dkt. # 27.)

18  Second, Petitioner's habeas petition raises novel issues related to the application of *Ramos v.*

19  *Lousiana*, 590 U.S. ____ (2020) to the validity of his detention which the Ninth Circuit did not

20  address in ruling on his administrative appeal. *See Gahano v. Barr*, No. 18-72796,

21  Memorandum, Dkt. No. 61-1 (9th Cir. Sept. 10, 2020). Acting *pro se*, Petitioner faces significant

22  challenges in litigating a novel and complex legal issue without direct guidance from the Ninth

23  Circuit on which he may well succeed. Third, Petitioner pursues a separate civil case before the

24

1   Court that raises matters collaterally related to his continued detention. *See Gahano v. Langford,*

2   *et al.*, C20-5451-MJP-MLP (W.D. Wash.).

3         Given these changed circumstances, the Court finds that appointed counsel would

4   considerably assist in the efficient prosecution of this matter and the Court's resolution of the

5   matter. The Court therefore reconsiders its prior Order (dkt. # 17), GRANTS Petitioner's Motion

6   to Appoint Counsel (dkt. # 3), and refers this matter to Pro Bono Panel to represent Petitioner.

7   After that, the Court will issue an Order appointing an attorney, should one be identified.

8                 **III.    CONCLUSION**

9         For the foregoing reasons, the Court hereby ORDERS:

10         (1)    Petitioner's Motion for Leave to Exceed Page Limits (dkt. # 21) is GRANTED,

11   and Petitioner's over-length motion (dkt. # 22) is accepted. Pursuant to Local Rule 7(f)(4),

12   Respondents are permitted to file a reply brief to Petitioner's Response by **January 29, 2021**,

13   with an additional two (2) pages authorized, for a total of 14 pages. The Clerk is directed to

14   re-note the Government's return memorandum (dkt. # 16) for **January 29, 2021**;

15         (2)    Petitioner's Motion to Disqualify the Government Attorney "for the Conflict of

16   Interest" (dkt. # 23) is DENIED;

17         (3)    Petitioner's Motion to Strike Respondents' Exhibits "B, D, E, and J attached to

18   Respondents' Motion to Dismiss" (dkt. # 24) is DENIED;

19         (4)    The Court reconsiders its previous Order Denying Petitioner's Motion to Appoint

20   Counsel (dkt. # 17) and now GRANTS Petitioner's Motion to Appoint Counsel (dkt. # 3). This

21   matter is referred to the Pro Bono Panel to represent Petitioner. After that, the Court will issue an

22   Order appointing an attorney, should one be identified;

23

24

1        (5)      Respondents are directed to respond to Petitioner's Motion for Stay of Removal

2  (dkt. # 25) on or before **January 29, 2021**; and

3        (6)      The Clerk is directed to send copies of this Order to the parties and to the

4  Honorable Marsha J. Pechman.

5        Dated this 7th day of January, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge