UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENGE LEMO GAHANO,

               Petitioner,

v.

DANIEL M. RENAUD, et al.,

               Respondents.

Case No. C20-1094-MJP-MLP

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER STAYING REMOVAL

This is a 28 U.S.C. § 2241 immigration habeas action now before the Court on Petitioner Denge Lemo Gahano's motion for temporary restraining order staying removal ("Petitioner's Motion"), his fifth motion seeking a stay of removal in this matter.[1] (Dkt. # 62.)

On July 15, 2020, Petitioner filed his first motion seeking an emergency stay of removal that the Court denied because Petitioner failed to demonstrate he satisfied the factors required to obtain a stay. (Dkt. ## 2, 5.) On August 6, 2020, Petitioner filed a second motion seeking an emergency stay of removal that the Court denied because Petitioner failed to support his request for relief with substantive argument. (Dkt. ## 7, 11.) On August 10, 2020, Petitioner filed a third

---

[1] Petitioner requested oral argument (dkt. # 62 at 1) however the Court finds oral argument is unnecessary as it is able to decide Petitioner's Motion on the briefs. *See* Local Rule 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
STAYING REMOVAL - 1

motion for a stay of removal, but the Court denied that request because Petitioner was already subject to a stay of removal by the Ninth Circuit. (Dkt. ## 12, 15.)

The Ninth Circuit terminated Petitioner's stay of removal on November 2, 2020. (Dkt. # 27.) On November 9, 2020, Petitioner filed a fourth motion for stay of removal. (Dkt. # 25.) On January 26, 2021, the Court appointed Petitioner pro bono counsel. (Dkt. # 33.) On March 12, 2021, the Court denied Petitioner's fourth motion for stay of removal because Petitioner's pro bono counsel conceded he was unaware of a legal basis for a stay of removal at that time. (Dkt. ## 39, 42.)

Petitioner now seeks a temporary restraining order to stay his removal on the basis that the Board of Immigration Appeals ("BIA") has yet to decide a motion to reopen he filed on April 8, 2021, which was submitted in conjunction with an emergency motion to stay his removal. (Dkt. # 62 at 1-3; *see also* dkt. # 48-2 at 1-19.) On June 2, 2021, the BIA denied Petitioner's emergency motion to stay his removal. (Dkt. # 62-4 at 1.) In his Motion before this Court, Petitioner requests that a stay be entered until 30 days after the issuance of any adverse decision by the BIA to permit him to seek judicial review, and an accompanying stay of removal, from the Ninth Circuit. (Dkt. # 62 at 1-3.)

The Court must first determine whether 8 U.S.C. § 1252(g) prohibits the Court from staying Petitioner's removal. (*See* dkt. ## 62 at 4-7; 63 at 5-6.) Under Section 1252(g), except as otherwise provided in section 1252, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [non-citizen] arising from the decision or action by the [Secretary of Homeland Security] to . . . execute removal orders against any [non-citizen]." 8 U.S.C. § 1252(g). In *Diaz-Amezcua v. Barr*, 402 F.Supp.3d 963 (W.D. Wash. 2019), the petitioner sought a stay of removal pending adjudication of a motion to reopen, claiming that he had a

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
STAYING REMOVAL - 2

statutory right to move to reopen to seek asylum based on changed conditions in Mexico. *Id.* at 965. The Court concluded, based on the weight of circuit and district court authority, that the petitioner's claim arose from the Department of Homeland Security's ("DHS") decision to execute his removal order and that § 1252(g) therefore barred his request to stay his removal pending an adjudication of his motion to reopen. *Id.* at 971-72. The Court recently reaffirmed its holding in *Diaz-Amezcua* as to § 1252(g)'s applicability in such instances in *Jatta v. Clark*, C19-2086-BJR-MAT, 2020 WL 7700226, at *8-10 (W.D. Wash. July 17, 2020) *report and recommendation adopted in part*, C19-2086-MJP-MAT, 2020 WL 7138006, at *1 (W.D. Wash. Dec. 5, 2020) (examining *Diaz-Amezcua* and holding that "Petitioner's claim thus arises from ICE's decision to execute his removal order, and the Court does not have jurisdiction to consider it.").

Here, the Court concludes § 1252(g) applies to the relief sought by Petitioner. Petitioner has a removal order pending against him, and his Motion arises because of DHS's decision to execute that order. *See* 8 U.S.C. § 1252(g). Petitioner is therefore limited to seeking relief in the immigration courts or the BIA. As such, § 1252(g) precludes the Court from exercising its jurisdiction over Petitioner's Motion.

Next, the parties dispute whether the Court nonetheless has jurisdiction over Petitioner's Motion under the Suspension Clause. (*See* dkt. ## 62 at 4-7; 63 at 7-9.) The Suspension Clause provides, "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art. I § 9 cl. 2. However, the United States Supreme Court in *Department of Homeland Security v. Thuraissigiam*, 140 S. Ct. 1959 (2020) recently made clear that Petitioner's Motion is not subject to Suspension Clause protection.

In *Thuraissigiam*, the petitioner brought a habeas action challenging 8 U.S.C. § 1252(e)(2), which operates to prevent judicial review of credible fear determinations in expedited removal cases. *Thuraissigiam*, 140 S. Ct. at 1967-68. The Ninth Circuit held 8 U.S.C. § 1252(e)(2) violated the Suspension Clause as applied to the petitioner, and therefore, the petitioner could bring a habeas petition to raise procedural due process claims with the credible fear determination process. *Id.* at 1968. The Supreme Court, in reversing the Ninth Circuit, examined the scope of the writ of habeas corpus as it existed when the Constitution was adopted and found the Suspension Clause, "at a minimum, 'protects the writ as it existed in 1789.'" *Id.* at 1969 (quoting *INS v. St. Cyr*, 533 U.S. 289, 301 (2001)). In doing so, the Supreme Court concluded "the writ simply provided a means of contesting the lawfulness of restraint and securing release," and did not "permit a petitioner to claim the right to enter or remain in a country or to obtain administrative review potentially leading to that result." *Id.* The Supreme Court further explained that challenges to present physical confinement constitute "core" habeas challenges that would typically fall within the scope of the Suspension Clause. *See id.* at 1970-71 ("[h]abeas is at its core a remedy for unlawful executive detention") (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). However, the Supreme Court noted what the petitioner sought was not "simple release" but "ultimately, the opportunity to remain lawfully in the United States." *Id.* at 1971. As such, the Supreme Court concluded the Suspension Clause did not require further review of petitioner's claims because his Suspension Clause argument would extend the writ of habeas corpus beyond its original scope. *Id.* at 1970-71.

In this case, the Court concludes Petitioner's request for a stay of removal, premised on his pending motion to reopen, constitutes "non-core" habeas relief, and therefore, he is not protected by the Suspension Clause. At least two Courts of Appeals, including the Ninth Circuit,

have held *Thuraissigiam* bars a Petitioner from invoking the Suspension Clause where the petitioner seeks something other than "simple release" from unlawful detention. *See Huerta-Jimenez v. Wolf*, 830 F. App'x. 857, 858 (9th Cir. 2020); *Gicharu v. Carr*, 983 F.3d 13, 19-20 (1st Cir. 2020) ("[T]he Suspension Clause is not implicated where, as here, the relief sought by the habeas petitioner is the opportunity to remain lawfully in the United States rather than the more traditional remedy of simple release from unlawful executive detention.") (internal citation and quotation marks omitted).

Multiple district courts have also concluded *Thuraissigiam* precludes application of the Suspension Clause where the petitioner seeks a stay of removal, reasoning that this is "non-core" habeas relief. *See D.A.M. v. Barr*, 474 F.Supp.3d 45, 62 (D.D.C. 2020) (finding that the Suspension Clause was not implicated where "petitioners seek a "non-core" application of the writ in that they challenge something other than their present physical confinement.") (internal quotations and citation omitted); *Teran Rivera v. Searls*, 2021 WL 1579483, at *5 (W.D.N.Y. Apr. 22, 2021) ("[Petitioner's] case does not implicate the Suspension Clause because the relief he seeks falls outside of the scope of the traditional habeas remedy of release."); *Hassan v. Feeley*, 2021 WL 395546, at *4-5 (W.D.N.Y. Feb. 4, 2021) ("[Petitioner's] case does not implicate the Suspension Clause because the relief he seeks—that the Court . . . stay his removal order while he seeks relief in proceedings before the BIA—falls outside of the scope of the traditional habeas remedy of release."); *Romeo S. K. v. Barr*, 2020 WL 7640538, at *5 (D.N.J. Dec. 23, 2020) (concluding "Petitioner's request for a stay of removal, which falls outside the core of habeas relief, does not implicate the Suspension Clause."). Because Petitioner here seeks to stay his removal to allow time for the BIA to adjudicate his motion to reopen so that he may, in effect, remain in custody, his claims do not request "simple release" from unlawful detention

nor fall within the core of traditional habeas relief. Therefore, the Court concludes it cannot rely on the Suspension Clause to exercise its jurisdiction over his request for a stay of removal.

Even assuming the Court had jurisdiction to consider Petitioner's request to stay his removal, he nonetheless fails to satisfy any of the factors for obtaining injunctive relief in the form of a stay. In evaluating whether to issue a stay, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (per curiam) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). This test is also satisfied where a petitioner shows "that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Id.* at 970.

Petitioner argues that changed circumstances in Ethiopia warrant additional consideration and demonstrate he is likely to succeed on the merits of his motion to reopen pending with the BIA. (Dkt. # 62 at 7-12.) However, Petitioner's claim that he is likely to succeed on his due process claim pending in the BIA is without merit as the BIA recently denied Petitioner's motion to stay his removal, which was largely premised on the same argument. (*See* dkt. ## 48-2 at 1-19; 62-4 at 1.) Moreover, Petitioner's submitted evidence fails to demonstrate any changed circumstance in the part of Ethiopia where Petitioner is being removed or why evidence of conflict in one region counters the Ninth Circuit's previous finding on this issue. *See Gahano v. Barr*, 826 F. App'x 617, 620 (9th Cir. 2020) ("Although petitioner provides evidence of some violent political unrest in the Oromia and Amhara regions of Ethiopia, he does not establish the

individualized risk of torture required for [Convention Against Torture] relief or provide evidence why he could not safely relocate to a different area of Ethiopia.") (internal quotations omitted).

Furthermore, the Court finds Petitioner will not be irreparably injured absent a stay. Although removal is a serious burden for many [noncitizens], it is not categorically irreparable." *Nken*, 556 U.S. at 435. As considered above, Petitioner's submitted evidence of unrest in Ethiopia fails to demonstrate he faces a particularized risk upon his return or why he cannot safely relocate to another region. In addition, and as noted by Respondents, the Ninth Circuit recently determined immigration courts may exercise their authority to grant reopening despite a non-citizen's removal. *See Rubalcaba v. Garland*, ___ F.3d ___, 2021 WL 2214087, at *8 (9th Cir. June 2, 2021).

Lastly, harm to the opposing party and the public interest factors merge when the Government is the opposing party. *See Nken*, 556 U.S. at 435. On this aspect, the Court finds Petitioner is an aggravated felon convicted of multiple counts arising from a domestic violence incident that included the use of a firearm. (*See* dkt. # 16 at 4-5.) Therefore, the Court concludes the Government has a significant interest in finalizing his removal. *See Nken*, 566 at 435 ( "The interest in prompt removal may be heightened by the circumstances as well—if, for example, the [non-citizen] is particularly dangerous.").

In conclusion, because: (1) the Court does not have jurisdiction to authorize a stay under § 1252(g); (2) Petitioner's claims do not fall under the protection of the Suspension Clause; and (3) Petitioner fails to satisfy the *Leiva-Perez* factors, the Court DENIES his motion for temporary restraining order staying removal (dkt. # 62). The Clerk is directed to send a copy of this Order to the parties and the Honorable Michelle L. Peterson.

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
STAYING REMOVAL - 7

DATED this 21st day of June, 2021.

MARSHA J. PECHMAN
United States Senior District Judge

Recommended for Entry
this 21st of June, 2021.

/s/ Michelle L. Peterson
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
STAYING REMOVAL - 8